UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

UNITED STATES OF AMERICA,

     v.

DIJON HARRIS,

           Defendant.

**DECISION AND ORDER**
14-CR-177-RJA

═══════════════════════════════

     Defendant Dijon Harris has filed a *pro se* motion (Dkt. No. 244) for compassionate release under 18 U.S.C. § 3582(c)(1)(A), couched as a motion for reconsideration.  The Government has filed a response (Dkt. No. 248) in opposition.

     On April 6, 2023, the Court denied Defendant's first motion (Dkt. No. 236) for compassionate release in a comprehensive Decision and Order (Dkt. No. 243).  That motion was based on Defendant's argument that compassionate release was warranted because his age and various medical conditions subjected him to an increased risk of severe consequences from a COVID-19 infection while incarcerated.  In the instant motion, Defendant argues the Court should immediately release him from Federal Bureau of Prisons ("BOP") custody to an inpatient drug treatment center because the BOP is failing to treat his opioid use disorder and thus his rehabilitation is being "denied and delayed."

     Because Defendant takes on an entirely different issue in the instant motion, the Court finds the motion is a second motion for compassionate release that would require Defendant to again exhaust his administrative remedies before the Court

could consider it on the merits.  "Successive compassionate release motions must independently satisfy the exhaustion requirement."  *United States v. Davis*, 16-CR-339 (RMB), 2024 WL 836477, 2024 U.S. Dist. LEXIS 34348, *3 (S.D.N.Y. Feb. 27, 2024) (internal quotation marks and citations omitted); *see United States v. Foozailov*, 17 Cr. 262 (LGS), 2021 U.S. Dist. LEXIS 20774, *2-3 ("to be eligible for relief based on new circumstances, Defendant must first seek relief from the BOP"). Defendant has not made this showing.[1]

Even if the motion was properly before the Court, the Court would deny it on the merits.  As explained in detail by the Court when it denied Defendant's first motion for compassionate release, the applicable 18 U.S.C. § 3553(a) sentencing factors compel the conclusion that Defendant is not entitled to compassionate release.  *See* Dkt. No. 243, pp. 8-10;[2] *see also United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam) ("[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

---

[1] Defendant affixes documentation showing that he has sought entry into, but remains on the waitlist for, the BOP's program for Medication Assisted Treatment for Opioid Use Disorder ("MAT").  *See* Dkt. No. 244, pp. 11-19.  An inmate's request for medical treatment is not the equivalent of a request to the BOP for compassionate release.

[2] Attached to Defendant's second motion are letters from supportive family members that are duplicates of letters attached to his initial motion and already considered by the Court.  *Compare* Dkt. No. 244, pp. 20-27 *with* Dkt. No. 236, pp. 17-25.

Defendant also requests that this Court order the BOP to allow his participation in the MAT Program.  "While the Court can suggest participation in a drug rehabilitation or treatment program, it is ultimately up to the BOP to determine whether a defendant qualifies for such program… This is simply not a basis upon which the Court may grant early release."  *United States v. Shannon*, Case # 14-CR-6136-FPG, 2021 WL 1807867, 2021 U.S. Dist. LEXIS 87260, *4-5 (W.D.N.Y. May 6, 2021), citing *Levine v. Apker*, 455 F.3d 71, 83 (2d Cir. 2006) ("The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility.") and *Wilson v. Baird*, No. 3:11-cv-1304, 2012 WL 2154209, 2012 U.S. Dist. LEXIS 81901, *8 (D. Conn. June 13, 2012) ("[I]t is well settled that there is no constitutional or statutory right to participate in a drug rehabilitation program."); *see also United States v. Hoti*, No. 15-CR-651 (LTS), 2021 WL 2581670, 2021 U.S. Dist. LEXIS 117255, *7 (S.D.N.Y. June 23, 2021) ("[Defendant] has made no showing that his case is an appropriate one for MAT, or that the BOP abused its discretion in declining to enroll him in that program.").

For the foregoing reasons, and the reasons stated in the Court's Decision and Order denying Defendant's first motion for compassionate release, it is hereby ORDERED that Defendant's second motion for compassionate release (Dkt. No. 244) pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED; and it is further

ORDERED, in the exercise of this Court's discretion, Defendant's request to appoint counsel is also DENIED.[3]

**SO ORDERED.**

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   July 26, 2024
         Buffalo, New York

---

[3] *See United States v. Feliz*, 2023 U.S. Dist. LEXIS 213357, *4-5 (S.D.N.Y. Nov. 30, 2023) ("Generally, a defendant has no right to the assistance of counsel in filing a motion for compassionate release… [I]t is within the district court's discretion whether to appoint counsel… In exercising that discretion, a district court may consider whether the defendant's compassionate release motion would likely be successful.") (internal quotation marks and citations omitted).